UNITED STATES of America, Plaintiff,

v.

Ronald KRAUS, Defendant.

UNITED STATES of America, Plaintiff,

v.

Richard R. BOSCO, Defendant.

Nos. 76 CR 24, 76 CR 25.

United States District Court,
E. D. New York.

June 8, 1976.

David G. Trager, U. S. Atty., by Gary A. Woodfield, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

Michael Jay, Kew Gardens, N. Y., for Ronald Kraus and Richard Bosco.

## OPINION AND ORDER

PLATT, District Judge.

### PRELIMINARY STATEMENT

Defendants are named in separate indictments charging them under 18 U.S.C. § 1623 with committing perjury before a grand jury. Both were employed at La-Guardia Airport, and with other employees they were subpoenaed by a grand jury that sat in this District to investigate various thefts and baggage pilferages at LaGuardia Airport. Each defendant here complains that his rights were violated in the grand jury proceedings, and each asks that the charges against him be dismissed. Since the issues raised by the defendants are virtually identical, we will consider their claims together in this opinion.

### FACTS

When defendant Richard Bosco appeared before the grand jury pursuant to subpoena on March 25, 1975, he was advised by an Assistant United States Attorney as follows:

Q Mr. Bosco, this Grand Jury is investigating thefts and pilferages at LaGuardia Airport. I want to advise you of a few rights first.

Anything you say before this Grand Jury could be used against you at a later proceeding.

You need not testify as to matters which may tend to incriminate you. That is to say that you cannot be compelled to testify against yourself as provided by the Fifth Amendment of the United States Constitution. Of course, you have a right to consult an attorney concerning your appearance here today and if you can't afford one, the court will appoint you one.

Now, you are employed at LaGuardia Airport; is that correct?

A Yes, sir.

Q Therefore you, as well as anyone so employed, is a potential subject of this investigation; do you understand that?

A Yes, sir.

Before defendant Ronald Kraus testified to the grand jury on August 12, 1975, also pursuant to subpoena, he was told by the Assistant United States Attorney:

Q Now, Mr. Kraus, I want to advise you of a few things before I ask you any further questions and that is that this Grand Jury sitting here is investigating thefts and pilferages of baggage at La-Guardia Airport and anything that you might say to this Grand Jury could be used against you in a later proceeding. And you need not testify as to those matters which might tend to incriminate you, that is to say, you cannot be compelled to testify against yourself as is provided by the Fifth Amendment of the U. S. Constitution.

And of course you have the right to consult with an attorney concerning your appearance here today and if you couldn't afford an attorney, one would be appointed for you.

Now, you stated to this Grand Jury that you are an employee at American Airlines at LaGuardia Airport and that being the case, you as well as any of your fellow employees are potential subjects of this Grand Jury investigation.

Do you understand that?

A Yes.

After these warnings the defendants proceeded to testify, and their statements later formed the basis for the perjury indictments against them.

### DISCUSSION

Defendants suggest that for several reasons the use of their statements as the

foundation for the perjury indictments violates their rights. They maintain, first, that they were not warned that they were targets of the grand jury investigation; second, that they were not fully informed of their rights as set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and third, that in the absence of acknowledgment that they understood their rights, defendants cannot be deemed to have waived them.

**I**

■ The first ground need not detain us long. It is true that the Second Circuit exercised its supervisory power in *United States v. Jacobs*, 531 F.2d 87 (2d Cir. 1976), to require that potential defendants be informed of their status as subjects or targets of investigation before they testify before grand juries. The defendants object that here they were only informed that they were "potential subjects," and thus not properly put on their guard as fairness requires. We believe that the argument is without merit, and reject it. Not only does common sense dictate that one word or phrase that serves to make the necessary point should suffice for these purposes as well as another; but also the Court of Appeals indicated in the *Jacobs* opinion at page 89, note 4, in a discussion of *United States v. Winter*, 348 F.2d 204 (2d Cir.), *cert. denied*, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965), that warnings with modifying adjectives like "potential" fulfill the fairness requirement.

**II**

■ Defendants' second argument, that the indictments against them should be dismissed because they were not given full *Miranda* warnings, has just been rejected by the United States Supreme Court in *United States v. Mandujano*, —— U.S. ——, 96 S.Ct. 1768, 48 L.Ed.2d 212, 44 U.S.L.W. 4629 (May 19, 1976). At least four Justices, those who joined in the plurality opinion written by the Chief Justice, take the position that the Constitution does not require that *Miranda* warnings be given

to grand jury witnesses. All eight of the Justices who considered the case agree that the Fifth Amendment does not require the suppression *in a perjury prosecution* of testimony given by an unwarned grand jury witness absent such prosecutorial misconduct as amounts to a denial of due process. See *United States v. Winter*, 348 F.2d 204 (2d Cir.), *cert. denied*, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965); *United States v. Bonacorsa*, 73 CR 1069 (E.D.N.Y. June 25, 1975), *aff'd* 528 F.2d 1218 (2d Cir. 1976). See also *United States v. Corallo*, 413 F.2d 1306 (2d Cir.), *cert. denied*, 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 422 (1969).

■ In applying the *Mandujano* ruling to this case, we note first that it is a perjury indictment which each defendant asks us to dismiss. That each defendant supposedly was not given adequate warnings by the Assistant United States Attorney is "no defense to a charge that he thereafter perjured himself in the grand jury room," *United States v. Winter*, 348 F.2d 204, 208 (2d Cir.), *cert. denied*, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965).

■ We note as well that nothing even vaguely akin to a denial of due process took place here. Defendants' claim is that the warnings given were deficient in that, while they included notice of the right to counsel, they did not include notice that counsel could be consulted *before* questions were asked. Rather, the Assistant told the defendants that counsel could be consulted "concerning" their grand jury appearances.

Contentions of a similar sort were before the Court of Appeals for this Circuit in *United States v. Lamia*, 429 F.2d 373 (2d Cir.), *cert. denied*, 400 U.S. 907, 91 S.Ct. 150, 27 L.Ed.2d 146 (1970). There a defendant was told by federal agents before interrogation that he did not have to make a statement, that he had the right to an attorney, and that if he could not afford an attorney one would be appointed for him. The defendant contended that he had not been told he was entitled to have counsel present during questioning. The Court of Appeals held that if the warnings were viewed in context, defendant, having "just been in-

formed that he did not have to make *any* statement . . . was effectively warned that he need not make any statement *until he had the advice of an attorney*", 429 F.2d at p. 377 (emphasis supplied).

Here, defendants were advised that they need not testify on matters that might incriminate them, and that they were entitled to consult with counsel. In context, that clearly is a warning that they could consult with counsel before making any statement that might incriminate them.

If the warnings given to the defendant in *Lamia* were sufficient to satisfy the *Miranda* requirements, then the warnings given here were *a fortiori* sufficiently fair and straight-forward to comport with due process requirements. Further, there certainly can be no claim here that the Assistant tried to entrap the defendants into perjury or that he made an effort to misinform them about their rights. He advised the defendants pointedly that they need not incriminate themselves, and that they could obtain free legal advice. Nor do we have before us a case in which a defendant made unanswered requests for more information. Compare *United States v. Pepe*, 367 F.Supp. 1365 (D.Conn.1973).

In short, then, our response to defendants' second argument, that insufficient *Miranda* warnings were given them, is this:

1) at least four Supreme Court Justices believe that *Miranda* does not apply when witnesses testify before a grand jury;

2) even if *Miranda* warnings are required, failure to give the warnings does not mean that any perjured testimony that follows cannot be the basis for a perjury indictment; and

3) dismissal of the indictments before us is not mandated on due process grounds since no deprivation of fundamental fairness amounting to a due process violation is demonstrated by the record in this case.

### III

■ Defendants' third contention is that the record of the grand jury proceedings

does not demonstrate that they *knowingly* waived their Constitutional rights, because they never indicated, after being told of their rights, that they understood them. A sufficient answer to this claim is that defendants took an oath to testify truthfully, and that they cannot now escape the consequences of their alleged violation of that oath by claiming that they did not understand the warnings about their rights to counsel and to avoid self-incrimination. The *Mandujano* opinions made it clear that there is no connection between one's rights (if indeed there are such rights) to be given and to understand *Miranda* warnings, and one's obligation to tell the truth while under oath. Absence from the record of an indication that a defendant understands his right to counsel or his right not to incriminate himself does not require that a subsequent perjury indictment against him be dismissed. Indeed, if a failure to give *Miranda* warnings at all will not, absent a due process violation, force dismissal of a perjury indictment, it necessarily follows that the mere failure to elicit an acknowledgment of rights when rights are discussed will not force dismissal of a perjury indictment.

### CONCLUSION

It follows from the foregoing that defendants' arguments must be rejected, and that their motions for dismissal of the indictments against them must be, and they hereby are, denied.

SO ORDERED.